IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

KEVIN S. ALBERT AND KIMBERLY )    CV. NO. 23-00221 SOM-WRP
LEBLANC ALBERT, TRUSTEES OF )
THE ALBERT REVOCABLE TRUST )    ORDER DENYING DEFENDANT
UAD 6/3/1997 AND RESTATED )    ION INSURANCE COMPANY, INC.'S
1/7/2020 )    MOTION FOR SUMMARY JUDGMENT
)
        Plaintiffs, )
)
   vs. )
)
EDWARD WILLIAM, S.L., a )
foreign corporation; ION )
INSURANCE GROUP, S.A., a )
foreign corporation; ION )
INSURANCE COMPANY, INC., a )
U.S. corporation; ALLIED )
FINANCIAL NETWORK, a Hawai'i )
corporation; STEVE BONNER; )
JOHN DOES 1-50; JANE DOES )
1-50; DOE PARTNERSHIPS 1-50; )
DOE CORPORATIONS 1-50; DOE )
GOVERNMENTAL AGENCIES 1-50; )
and DOE ENTITIES 1-50, )
)
        Defendants. )
_____ )

**ORDER DENYING DEFENDANT ION INSURANCE COMPANY, INC.'S
MOTION FOR SUMMARY JUDGMENT**

**I.        INTRODUCTION.**

      This case arises from the grounding, salvage attempt,

and sinking of *Nakoa*, a ninety-four-foot yacht, on the coast of

West Maui. ECF No. 13, PageID # 56, 62. Before the court is

Defendant ION Insurance Company, Inc.'s[1] motion for summary

_____

[1] The parties abbreviate the ION Defendants' names in their
filings. *See, e.g.*, ECF No. 40, PageID # 222. For clarity, the
court uses the parties' full names in this order.

judgment.   ECF No. 19.   The court concludes that questions of
fact preclude the grant of summary judgment.   ION Insurance
Company, Inc.'s motion is therefore denied.

II.        **RELEVANT ALLEGATIONS IN THE FIRST AMENDED COMPLAINT.**

        The parties dispute many facts in this case.   Relevant
to the motion now before the court, the Trust alleges the
following in its first amended complaint:

        In December 2022, Noelani Yacht Charters and Jim
Jones, neither a party to this case, purchased *Nakoa* from
Kimberly Leblanc Albert and Kevin S. Albert, the trustees of the
Albert Revocable Trust (collectively, "the Trust"), for
$1,450,000 to be paid over fifteen years.   ECF No. 13, PageID
# 55-56.

        Under the watch of Jones and others associated with
Noelani Yacht Charters, *Nakoa* ran aground in the Honolua-
Mokulēʻia Marine Life Conservation District[2] in West Maui in late
February 2023.   ECF No. 13, PageID # 60-62.   Three weeks later in
early March, *Nakoa* sank during a salvage attempt after it was
towed off the shoreline.   ECF No. 13, PageID # 62.

        During *Nakoa*'s grounding, salvage attempt, and sinking
("the grounding"), the vessel appears to have been insured by an

---

[2]  The State of Hawaiʻi's Department of Land and Natural
Resources ("DLNR") establishes Marine Life Conservation
Districts.   *See* HRS ch. 190.

ION entity:  either Defendant ION Insurance Group, S.A., and/or
Defendant ION Insurance Company, Inc.[3]  *See* ECF No. 13, PageID #
63; ECF No. 31, PageID # 137-38.

The identity of the original insurer is clear.  Before
the grounding, the Trust had obtained an insurance policy from
ION Insurance Group, S.A., a foreign corporation, through
Defendant Steve Bonner, an insurance broker and the president of
Defendant Allied Financial Network ("AFN").  The policy listed
Defendant Edward William S.L. as the agent of both ION
Defendants.  *See* ECF No. 13, PageID # 55, 63.  In March 2023,
after *Nakoa*'s grounding, ION Insurance Group, S.A., may have
assigned or transferred responsibility for *Nakoa*'s policy to ION
Insurance Company, Inc., a U.S. corporation.  ECF No. 13, PageID
# 55, 63.  What is unclear is the relationship between ION
Insurance Group, S.A., and ION Insurance Company, Inc.
(collectively, the "ION Defendants").  ION Insurance Company,
Inc., may or may not be the alter ego of ION Insurance Group,
S.A.  ECF No. 31, PageID # 139.

---

[3]  As ION Insurance Company, Inc.'s attorney noted at the hearing
on October 23, 2023 (the "hearing"), the Trust has sued, among
others, only two ION entities (ION Insurance Company, Inc., and
ION Insurance Group, S.A.).  There appears to be at least one
other ION entity (ION Surety Company S.A.) referenced in ION
Insurance Group, S.A.'s "International" Yacht Clauses, *see* ECF
No. 32-3, PageID # 159, and other documents linked on an ION
entity's website, *see* ION Insurance Company,
https://www.ion.co.cr/ (last visited Oct. 23, 2023).

After *Nakoa*'s grounding, the State of Hawaiʻi's Department of Land and Natural Resources ("DLNR") demanded that the Trust pay for the salvage operations.  ECF No. 13, PageID # 64.

Thereafter, an Edward William representative, acting on behalf of an ION entity, told DLNR's Boating and Recreation Division Administrator that "ION" was willing to make certain payments related to the salvage liabilities.[4]  ECF No. 13, PageID # 64.

However, ION Insurance Group, S.A., ultimately declined all coverage related to *Nakoa*'s grounding.  ECF No. 13, PageID # 64.

III.     **PROCEDURAL HISTORY.**

After the coverage declination, the Trust sued ION Insurance Group, S.A.; ION Insurance Company, Inc.; Edward William S.L.; AFN; Steve Bonner; and numerous Does asserting, *inter alia*, negligence, breach of contract, and insurance bad faith claims.  ECF No. 13, PageID # 65-69.  Related litigation arising from *Nakoa*'s grounding is also before this court.  *See Albert v. Noelani Yacht Charters, LLC*, No. 23-00132 SOM-RT.

ION Insurance Company, Inc., filed a Federal Rule of Civil Procedure 12(b)(6) motion in the present case seeking

---

[4]  At the hearing, the Trust's attorney explained that the salvage claim is around $470,000.

dismissal of claims against it in the Trust's first amended complaint.  ECF No. 19.  Pursuant to Rule 12(d), the court notified the parties that it would treat ION Insurance Company, Inc.'s Rule 12(b)(6) motion as a Rule 56 motion for summary judgment because the movant, in support of its motion to dismiss, submitted a declaration constituting "a matter outside the pleadings."  ECF No. 25.  ION Insurance Company, Inc., subsequently filed a concise statement of material facts in support of its motion in accordance with Local Rule 56.1, which restated the positions set forth in its motion.  ECF No. 27.

### A.   ION Insurance Company Inc.'s Motion for Summary Judgment.

In its motion for summary judgment, ION Insurance Company, Inc., argues that the Trust erroneously named it as a Defendant based on the false "belief that the insurance policy at issue" was transferred from ION Insurance Group, S.A., to ION Insurance Company, Inc.  ECF No. 19-1, PageID # 100.  According to ION Insurance Company, Inc., it "never insured" *Nakoa*, and the relevant policy was not transferred to it "at any time relevant" to the Trust's claims.  ECF No. 19-1, PageID # 100.  ION Insurance Company, Inc., submitted a declaration from its chief executive officer, Opal Whitney.  ECF No. 19-2.

### B.   Trust's Opposition.

In opposition to ION Insurance Company, Inc.'s motion,

the Trust contends that there are genuine disputes of material fact as to which ION entity was responsible for the relevant insurance policy, whether there was an assignment of the policy between the ION entities, and whether ION Insurance Company, Inc., "is merely the alter ego of ION Insurance Group, S.A. such that it could be held vicariously liable."  ECF No. 31, PageID # 139.  The Trust points to a March 2023 policy declaration (policy no. EW1008658), ECF No. 32-2, PageID # 155-56; ION Insurance Group S.A.'s 2022 "International" Yacht Clauses, ECF No. 32-3, PageID # 157; the Trust's certificate of liability insurance for *Nakoa* (policy no. EW1020234), ECF No. 32-4, PageID # 180; and an email from a director at Edward William, sent on behalf of ION, to DLNR, ECF No. 32-5, PageID # 181; ECF No. 40-2, PageID # 231, ¶ 6.

> ### C.   AFN's Position.

After the Trust submitted its Opposition, but before ION Insurance Company, Inc., replied, AFN and its president, Steve Bonner, submitted a filing, explaining that they "do not take a position" as to whether ION Insurance Company, Inc., insured the Trust.  ECF No. 33, PageID # 185.  They contend, however, that "there is a valid policy" for *Nakoa* "identifying the [Trust] as the named insured from an ION corporate entity under policy no. EW1008658."  ECF No. 33, PageID # 185-86.  They submit a declaration from Bonner, ECF No. 33-1, PageID # 187-88,

and a copy of the same March 2023 policy declaration submitted
by the Trust, ECF No. 33-2, PageID # 190-91.

### D.   ION Insurance Company, Inc.'s Reply.

ION Insurance Company, Inc.'s reply memorandum argues
that it is "uncertain what documents" the Trust expects it "to
provide given that [it] would not generate documents relating to
a policy in which it has no interest in and is not a party to."
ECF No. 39, PageID # 207-08.  It submits a second declaration
from its chief executive officer, Opal Whitney, ECF No. 40-1,
PageID # 228; a declaration from the Edward William director who
emailed DLNR, ECF No. 40-2, along with another copy of his email
to DLNR, ECF No. 40-3; ION Insurance Company, Inc.'s 2022 "USA"
Yacht Clauses, ECF No. 40-4; a November 2022 policy declaration
for *Nakoa* that is nearly identical to the March 2023 policy
declaration submitted by the Trust and AFN, ECF No. 40-5; ION
Insurance Company, Inc.'s certificate of incorporation in
American Sāmoa, ECF No. 40-6; and its 2021 Financial Statements,
ECF No. 40-7.

### IV.      JURISDICTION.

This court has jurisdiction over this action pursuant
to 28 U.S.C. § 1332 because there is complete diversity between
the parties and the amount in controversy exceeds $75,000
exclusive of interest, fees, and costs.  *See* ECF No. 13, PageID #
55, ¶ 1 (not refering to citizenship but stating that the Trust

resides in New Mexico); ECF No. 13, PageID # 55, ¶ 3 (alleging that ION Insurance Group, S.A., is a Costa Rican corporation with a principal place of business in Malaga, Spain[5]); ECF No. 13, PageID # 55, ¶ 4 (alleging that ION Insurance Company, Inc., is a domestic corporation registered in American Sāmoa with its principal place of business in Louisiana); ECF No. 13, PageID # 55, ¶ 5 (alleging that AFN is both registered and has its principal place of business in Hawai'i); ECF No. 13, PageID # 55, ¶ 6 (not referring to citizenship but alleging that Bonner is a Hawai'i resident); ECF No. 13, PageID # 69-70 (seeking at least $2,450,000 in damages).

**V.      SUMMARY JUDGMENT STANDARD.**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  The movants must support their position concerning whether a material fact is genuinely disputed by either "citing to particular parts of materials in the record,

---

[5]  At the hearing, the Trust's attorney clarified that, notwithstanding the allegation "upon information and belief" in its complaint, ECF No. 13, PageID # 55, ¶ 3, ION Insurance Group, S.A., has not registered to do business in Hawai`i, despite doing business here.

including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  *See id.* at 323.  A moving party without the ultimate burden of persuasion at trial——usually, but not always, the defendant——has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp.*, 477 U.S. at 323).  "When the moving party has carried its burden

under Rule 56(c), its opponent must do more than simply show

that there is some metaphysical doubt as to the material facts."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

586 (1986) (footnote omitted).

The nonmoving party may not rely on the mere

allegations in the pleadings and instead must set forth specific

facts showing that there is a genuine issue for trial.  *T.W.*

*Elec. Serv.*, 809 F.2d at 630.  At least some "'significant

probative evidence tending to support the complaint'" must be

produced.  *Id.* (quoting *First Nat'l Bank v. Cities Serv. Co.*,

391 U.S. 253, 290 (1968)); *see also Addisu*, 198 F.3d at 1134 ("A

scintilla of evidence or evidence that is merely colorable or

not significantly probative does not present a genuine issue of

material fact.").  "[I]f the factual context makes the non-

moving party's claim implausible, that party must come forward

with more persuasive evidence than would otherwise be necessary

to show that there is a genuine issue for trial."  *Cal.*

*Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*,

818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Matsushita Elec.*

*Indus. Co.*, 475 U.S. at 587).

In adjudicating a summary judgment motion, the court

must view all evidence and inferences in the light most

favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at

631.  When "direct evidence" produced by the moving party

conflicts with "direct evidence" produced by the party opposing
summary judgment, "the judge must assume the truth of the
evidence set forth by the nonmoving party with respect to that
fact." *Id.* Inferences may be drawn from underlying facts not
in dispute, as well as from disputed facts that the judge is
required to resolve in favor of the nonmoving party. *Id.*

VI.      **ANALYSIS.**

After reviewing the parties' filings and attached
declarations and exhibits, the court concludes that questions of
fact preclude the grant of summary judgment to ION Insurance
Company, Inc. First, the relationship between the ION Defendants
remains unclear. Relatedly, the court cannot discern which ION
Defendant bears responsibility to insure *Nakoa* in connection
with its grounding. The court addresses each in turn.

A.    **Relationship Between the ION Defendants.**

The relationship between ION Insurance Group, S.A.,
and ION Insurance Company, Inc., is not clear from the present
record. The court cannot tell the degree of interrelationship
between the ION Defendants and whether ION Insurance Company,
Inc., is or is not an alter ego of ION Insurance Group, S.A.

In the second declaration submitted by ION Insurance
Company, Inc.'s chief executive officer, Whitney states that ION
Insurance Company, Inc., was "bifurcated" from ION Insurance
Group, S.A., in 2018; that ION Insurance Group, S.A., does not

finance ION Insurance Company, Inc.; and that the two entities "do not comingle funds or assets."  ECF No. 40-1, PageID # 228. At bottom, her declaration suggests that the ION Defendants are distinct entities.

But Whitney's statements are contradicted by the 2021 report that ION Insurance Company, Inc., provided to support her declaration.  *See* ECF No. 40-7.  In a section titled "Note C— Related Parties," the report explains that ION Insurance Company, Inc., "derives a significant portion of their revenue from retrocession business from ION Insurance Group, S.A. (Group). Business expenses are also shared with the Group.  [ION Insurance Company, Inc.] is owed $298,556 from a company under common control.  The amount is payable on demand."  ECF No. 40-7, PageID # 282 (emphasis omitted).  ION Insurance Company, Inc.'s sharing of business expenses with ION Insurance Group, S.A., as well as its accrual of a "significant portion" of its revenue from "retrocession business" from ION Insurance Group, S.A., suggests that the ION Defendants are more interrelated than Whitney's declaration concludes.  The report's vague reference to a "company under common control" also raises questions about whether the ION Defendants comingle any assets.

An interrelationship between the ION Defendants is also suggested by each entity's 2022 Yacht Clauses.  Both Yacht Clauses are similar in language and form.  *Compare* ECF No. 32-3,

*with* ECF No. 40-4.  For example, the front pages of both entities' Yacht Clauses feature the ION logo and list Edward William as agent.  ECF No. 32-3, PageID # 157; ECF No. 40-4, PageID # 234.  Both entities' Yacht Clauses are dated September 11, 2022.  ECF No. 32-3, PageID # 157; ECF No. 40-4, PageID # 234.

Moreover, ION Insurance Group, S.A.'s Yacht Clauses explain that "[t]oday[ ]the Group includes ION Surety Company S.A. and ION Insurance Company, Inc. (US).  Group Balance Sheet Assets are US$180,000,000."  ECF No. 32-3, PageID # 159.  ION Insurance Company, Inc.'s Yacht Clauses similarly speak of "the Group" in historical and present terms:

> ION Insurance Company (IIC) was formed in 2016 as a natural expansion of ION Insurance Group's global presence with an opening audit confirming Balance Sheet Capital in excess of $180,000,000 to better serve and support US based clients and employers[.] . . .

> The Group was originally formed to fill a niche in the insurance market for clients who had difficulty in obtaining coverage from mainstream insurers, either because of the nature of their business or their physical location. The Group has now evolved into a special risk underwriter[.]

ECF No. 40-4, PageID # 236.  Notably, both entities' Yacht Clauses refer to the $180,000,000 figure as belonging to the ION entities as a "Group."  ECF No. 32-3, PageID # 159; ECF No. 40-4, PageID # 236.

Also, ION Insurance Group S.A.'s Yacht Clause provides

that "[t]he Insurance policy is underwritten by ION Insurance
Company SA[,]" ECF No. 32-3, PageID # 159, but ION Insurance
Company, Inc.'s Yacht Clauses provide no similar assurance as to
the underwriting of policies issued pursuant to its Yacht
Clauses, ECF No. 40-4.

Admittedly, there are some differences between the ION
Defendants' Yacht Clauses, but these differences are not
conclusive. For example, each of the Yacht Clauses defines the
words "[w]e," "us," and "our" to refer to each respective ION
entity. ECF No. 32-3, PageID # 161; ECF No. 40-4, PageID # 238.
Also, each document makes clear that different law governs the
policies issued under it. ECF No. 32-3, PageID # 163 (Costa
Rican law governs policies issued under ION Insurance Group,
S.A.'s "International" Yacht Clauses); ECF No. 40-4, PageID
# 243 (U.S. law governs policies issued under ION Insurance
Company, Inc.'s "USA" Yacht Clauses).

An interrelationship between the ION Defendants is
further supported by an email from an Edward William director,
sent on behalf of ION to DLNR. In the email, the director wrote:

> I wish to follow up as promised with the confirmation
> that all Steve's clients are being switched from
> coverage with the ION Insurance Group SA to their US
> subsidiary ION Insurance Company LLC. They are licenced
> and registered in American S[ā]moa . . . with the
> policies subject to US law and practice. The policy
> also provides greater levels of statutory coverage for
> added peace of mind.

14

> As discussed, despite the lack of liability in this case
> and the minimal exposure to salvage costs, ION are
> willing to meet your salvage liabilities as a gesture of
> their goodwill and in the spirit of working together
> both now and in the future.  I therefore look forward to
> receipt of the salvage invoice once raised so we can
> organise your reimbursement.

ECF No. 32-5, PageID # 181; ECF No. 40-3, PageID # 233; *see* ECF

No. 40-2, PageID # 231, ¶ 7.  Notably, the director does not

explain *which* ION Defendant agreed to cover DLNR's salvage

liabilities.  He uses plural language, although that might

simply reflect British usage rather than an intent to treat the

ION entities together.  *See* ECF No. 32-5, PageID # 181; ECF No.

40-3, PageID # 233 ("ION are willing to meet your salvage

liabilities as a gesture of their goodwill and in the spirit of

working together both now and in the future.").

Notably, the ION Defendants use the same agent (Edward

William), ECF No. 40-2, PageID # 231, and the same logo, *see* ECF

No. 32-3, PageID # 157.  Moreover, at the hearing before this

court on October 23, 2023 (the "hearing"), ION Insurance

Company, Inc.'s attorney admitted to also representing ION

Insurance Group, S.A., although he made it clear that his

statements to the court were being made on behalf of only ION

Insurance Company, Inc., service not yet having been

accomplished on ION Insurance Group, S.A.

The court's review of the record establishes that

questions of fact remain as to the precise relationship between the ION Defendants, such that ION Insurance Company, Inc., cannot be dismissed from this case at this time.

### B.   ION Defendants' Responsibility for *Nakoa*'s Insurance Policy.

Assuming *arguendo* that ION Insurance Group S.A., and ION Insurance Company, Inc., are distinct entities, the court concludes that it cannot determine on the present record which ION entity, if any, has responsibility to the Trust in connection with *Nakoa*'s grounding.

The Edward William director's email, sent on behalf of ION to DLNR, states that "all" of ION Insurance Group, S.A.'s clients managed by Bonner "are being switched to [ION's] US subsidiary ION Insurance Company LLC." ECF No. 32-5, PageID # 181; *see* ECF No. 40-3, PageID # 233.

In his declaration, however, the director explains that "the transfers of the policies" he referenced in the email "occurred *after* the grounding" of *Nakoa* and that the policy insuring *Nakoa* "at the time of its grounding was not among those policies that were transferred on or about March 2023." ECF No. 40-2, PageID # 231, ¶ 8. But the declaration is silent as to whether the policy was *ever* transferred, ECF No. 40-2, PageID # 231, ¶ 8, or whether, absent a transfer, ION Insurance Company, Inc., or another ION entity otherwise agreed to cover the

16

salvage costs, as his email appears to state, *see* ECF No. 40-3, PageID # 233 ("despite the lack of liability in this case and the minimal exposure to salvage costs, ION are willing to meet your salvage liabilities as a gesture of their goodwill and in the spirit of working together in the future").

In her first declaration, Whitney, ION Insurance Company, Inc.'s chief executive officer, also denies that ION Insurance Company, Inc., was "a party to" or had "any interest in" *Nakoa*'s policy at the time of the grounding in February 2023. ECF No. 19-2, PageID # 107. She states that ION Insurance Company, Inc., did not "at any time relevant to the matters alleged in the First Amended Complaint" insure *Nakoa*. ECF No. 19-2, PageID # 107. She states that ION Insurance Company, Inc., "would not and did not accept a transfer of the policy which insured [*Nakoa*] because a casualty had already occurred." ECF No. 19-2, PageID # 107.

However, the dueling policy declarations submitted by the Trust, AFN, and ION Insurance Company, Inc., obfuscate the director's and Whitney's declarations. *See* ECF No. 32-2, ECF No. 33-2, ECF No. 40-5.

The policy declaration submitted by the Trust and AFN is on ION Insurance Group, S.A.'s letterhead with the ION logo. ECF No. 32-2, PageID # 155; ECF No. 33-2, PageID # 190. It lists "Albert Revocable Trust Dated June 3, 1997" as the insured and

17

"Noelani Yacht Charters" as an additional interest.  ECF No. 32-2, PageID # 155.  *Nakoa* is the insured vessel under policy number EW1008658.  ECF No. 32-2, PageID # 155.  Edward William is listed as the agent.  ECF No. 32-2, PageID # 155-56.  The period of coverage runs from October 25, 2022, to October 24, 2023.  ECF No. 32-2, PageID # 155.  The Policy states that the conditions of coverage are "Comprehensive - As per the ION Insurance Group Yacht Clauses, 09/11/2022."  ECF No. 32-2, PageID # 155.  It was signed in March 2023 after *Nakoa*'s grounding.  *See* ECF No. 32-2, PageID # 155.

Complicating matters, ION Insurance Company, Inc., submitted a November 2022 policy declaration for *Nakoa* that is nearly identical to the Trust's and AFN's policy declaration, but Noelani Yacht Charters is listed as the insured, and the document was signed in November 2022.  ECF No. 40-5, PageID # 270-71.  Based on this policy declaration, ION Insurance Company, Inc., argues that "[a]t the time the casualty occurred," Noelani Yacht Charters was the insured—not the Trust. ECF No. 40, PageID # 223.

These dueling policy declarations raise more questions than answers.  No party has explained the origins of either the November 2022 policy declaration submitted by ION Insurance Company, Inc., ECF No. 40-5, or the March 2023 policy declaration submitted by the Trust and AFN, ECF No. 32-2; ECF

No. 33-2.  AFN and Steven Bonner, the policy broker who is also
the president of AFN, contend that the March 2023 policy
declaration is valid.  ECF No. 33, PageID # 185-86; ECF No. 33-
1, PageID # 188.

Relatedly, ION Insurance Company, Inc., has not
explained how it obtained the November 2022 policy declaration.
Such an explanation is relevant given that it stated in its
briefing that it "would not generate documents relating to a
policy in which it has no interest in and is not a party to[,]"
ECF No. 39, PageID # 207-08, and its counsel reiterated this
statement at the hearing.

Finally, ION Insurance Company, Inc., has not
indicated whether it is responsible to Noelani Yacht Charters
for the policy listed in the November 2022 policy declaration it
submitted, or whether it contends that another ION entity is
responsible.  If ION Insurance Company, Inc., is responsible for
this policy declaration, it is hard to understand its disavowal
of any responsibility for the policy listed in the March 2023
policy declaration submitted by the Trust and AFN.  The policy
numbers on both policy declarations are the same and provide the
same coverage for the same period.  *Compare* ECF No. 32-2, *with*
ECF No. 33-2, *and* ECF No. 40-5.

Similarly hard to square with ION Insurance Company,
Inc.'s denial of any connection to ION Insurance Group, S.A., is

the identical content of the November 2022 policy declaration and the March 2023 policy declaration, except for the insureds and signing dates.  Both feature ION Insurance Group, S.A.'s letterhead and state that the conditions are "Comprehensive – As per the ION Insurance Group, S.A. Yacht Clauses, 09/11/2022." *See* ECF No. 40-5, PageID # 270.

In sum, although the Edward William director's and Whitney's declarations deny that the relevant policy was transferred after *Nakoa*'s grounding, the dueling policy declarations submitted by ION Insurance Company, Inc, the Trust, and AFN complicate the situation and call into question what the operative policy was at the relevant time.[6]  The Edward William director's email to DLNR also raises a question of which ION entity agreed to cover the salvage costs, allegedly without having any responsibility to do so.

On the present record, the court concludes that questions of fact remain as to which ION Defendant was responsible for insuring *Nakoa* at the time of its grounding.

---

[6]  The certificate of liability insurance submitted by the Trust also begs this question because the policy number on that document is different from the policy number listed in all the dueling policy declarations.  *Compare* ECF No. 32-4, PageID # 180 (policy no. EW1020234), *with* ECF No. 32-2, PageID # 155 (policy no. EW1008658).

**VII.      CONCLUSION.**

The court concludes that there are questions of fact as to (1) the relationship between ION Insurance Group, S.A., and ION Insurance Company, Inc., and (2) which ION Defendant was responsible for *Nakoa*'s policy at the time of the grounding.

The court therefore DENIES ION Insurance Company, Inc.'s motion for summary judgment.

The Clerk of the Court is DIRECTED to terminate ION Insurance Company Inc.'s motion, ECF No. 19.


It is so ordered.

DATED: Honolulu, Hawaii, October 26, 2023.




/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


*Albert v. William, et al.*, Civ. No. 23-00221 SOM/WRP; ORDER DENYING DEFENDANT ION INSURANCE COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT