IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN S. ALBERT AND KIMBERLY LEBLANC ALBERT, TRUSTEES OF THE ALBERT REVOCABLE TRUST UAD 6/3/1997 AND RESTATED 1/7/2020,<br><br>    Plaintiffs,<br><br>  vs.<br><br>EDWARD WILLIAMS, SL, ET AL.,<br><br>    Defendants. | CIVIL NO. 23-00221 DKW-WRP<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT AS TO DEFENDANT ALLIED FINANCIAL NETWORK AS TO THE SECOND AMENDED COMPLAINT AND THE COUNTER-CROSSCLAIM AND TO DISMISS THE CROSSCLAIM ASSERTED BY DEFENDANT ALLIED FINANCIAL NETWORK WITHOUT PREJUDICE |

FINDINGS AND RECOMMENDATION TO ENTER DEFAULT AS TO DEFENDANT ALLIED FINANCIAL NETWORK AS TO THE SECOND AMENDED COMPLAINT AND THE COUNTER-CROSSCLAIM AND TO DISMISS THE CROSSCLAIM ASSERTED BY DEFENDANT ALLIED FINANCIAL NETWORK WITHOUT PREJUDICE[1]

On November 8, 2024, a hearing was held on this Court's September 25, 2024 Order to Show Cause directing Defendant Allied Financial Network to show cause, if any, why default should not be entered against it based on Allied

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Financial Network's failure to obtain counsel to appear on its behalf following its prior counsel's withdrawal.  See Order, ECF No. 145; Minutes, ECF No. 155.  At the hearing, Randall K. Schmitt, Esq. appeared on behalf of Plaintiffs. See Minutes, ECF No. 155.  Defendant Allied Financial Network's representative did not appear at the hearing or otherwise respond to the Court's Order to Show Cause.  See id.

## DISCUSSION

As discussed in detail below, the Court FINDS and RECOMMENDS that default be entered against Defendant Allied Financial Network as to the claims asserted against it in the Second Amended Complaint and the claims asserted against it in the Counter-Crossclaims, and that the Crossclaim asserted by Defendant Allied Financial Network be DISMISSED WITHOUT PREJUDICE.

**I. The Court FINDS AND RECOMMENDS That Default Be Entered Against Defendant Allied Financial Network as to the Second Amended Complaint and the Counter-Crossclaims.**

Federal Rule of Civil Procedure 55 provides that default must be entered against a party fails to plead or otherwise defend an action.  Fed. R. Civ. P. 55(a).  As detailed in the Court's Order to Show Cause, as a corporation, Defendant Allied Financial Network cannot appear without counsel admitted to practice in this district.  See LR83.5(b); see also Rowland v. Cal. Men's Colony,

Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); In re Am. W. Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney.").  Although the Court provided Defendant Allied Financial Network with ample opportunity to obtain new counsel, no substitute counsel has made an appearance on behalf of Defendant Allied Financial Network.  Accordingly, the Court FINDS that entry of default against Defendant Allied Financial Network for failure to defend this action is appropriate.  The Court RECOMMENDS that the district court enter default against Defendant Allied Financial Network as to the claims asserted against it in the Second Amended Complaint, ECF No. 84, and as to the claims asserted against it in Defendants Luxury Financial Group, LLC and Noelle Norvell's Counter-Crossclaims Against Defendants Allied Financial Network and Steven Bonner, ECF No. 123-1.[2]

---

[2] Although entry of default is appropriate, default judgment may be premature.  See In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001) ("where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants.") (citing Frow v. De La Vega, 82 U.S. 552, 554 (1872)).

**II. The Court FINDS AND RECOMMENDS that the Crossclaim asserted by Defendant Allied Financial Network be DISMISSED WITHOUT PREJUDICE.**

On May 31, 2024, Defendants Allied Financial Network and Steve Bonner filed a Crossclaim Against Defendant Luxury Financial Group, LLC and Noelle Norvell, ECF No. 97-1. Although Defendant Bonner can proceed pro se in this litigation and may continue to assert his crossclaim, Defendant Allied Financial Network cannot. Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) grants courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984); Kriege v. State of Haw. Consumer Prot. Div., 2017 WL 2703771, at *2 (D. Haw. 2017), *adopted by*, 2017 WL 2695286 (D. Haw. 2017). The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

1992)).

    Here, dismissal of Defendant Allied Financial Network's crossclaim is appropriate given it failure to appear at the Show Cause hearing and failure to retain counsel to appear on its behalf in this litigation.  First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending for more nearly eighteen months and Defendant Allied Financial Network's failure to secure counsel has resulted in additional delays.  Second, the court's need to manage its docket weighs strongly in favor of dismissal because Defendant Allied Financial Network failure to appear and failure retain counsel has interfered with the Court's ability to manage its docket.  Third, the risk of prejudice to Plaintiffs weighs in favor of dismissal.  Defendant Allied Financial Network's inaction has impaired Plaintiffs' ability to proceed to trial and threatens to interfere with the resolution of this case.  See Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  Fourth, less drastic sanctions are not appropriate given Defendant Allied Financial Network's failure to appear before the Court.  It would be futile to recommend a lesser sanction because it would not compel Defendant Allied Financial Network to take the necessary steps to comply with the Court's prior orders.  Accordingly, this factor supports dismissal.  Finally, although public policy generally favors disposition on the merits, because four of the factors weigh in favor of dismissal,

5

and under the particular facts of this case, the Court concludes that dismissal of the crossclaims is appropriate. However, the Court finds that Defendant Allied Financial Network's failures do not provide sufficient grounds to support dismissal with prejudice. Although the factors weigh in favor of dismissal, they do not weigh "strongly" in favor of dismissal. See In re Lagmay, 2015 WL 5970667, at *2 (D. Haw. 2015), *aff'd sub nom.*, 2016 WL 7407294 (9th Cir. 2016) (concluding that dismissal with prejudice is appropriate when at least three of the factors weighed "strongly" in support of dismissal). Accordingly, although the Court FINDS that dismissal is appropriate, this Court RECOMMENDS that the district court dismiss Defendant Allied Financial Network's crossclaim against Defendant Luxury Financial Group, LLC and Noelle Norvell without prejudice. As noted above, Defendant Bonner may continue to assert his crossclaim against Defendant Luxury Financial Group, LLC and Noelle Norvell.

## CONCLUSION

The Court FINDS and RECOMMENDS that DEFAULT be entered against Defendant Allied Financial Network as to the claims asserted against it in the Second Amended Complaint and the claims asserted against it in Defendants Luxury Financial Group, LLC and Noelle Norvell's Counter-Crossclaims pursuant to Federal Rule of Civil Procedure 55(a) and that Defendant Allied Financial Network's Crossclaim Against Defendant Luxury Financial Group, LLC and

Noelle Norvell be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

The Court DIRECTS the Clerk's Office to serve a copy of this Findings and Recommendation on Allied Financial Network via certified mail at the following address: Allied Financial Network, 1831 Ala Moana Blvd., Suite 205, Honolulu, HI 96815.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 8, 2024.



Wes Reber Porter
United States Magistrate Judge

**ALBERT, ET AL. v. EDWARD WILLIAM, SL, ET AL.; CIVIL NO. 23-00221 DKW-WRP; FINDINGS AND RECOMMENDATION TO ENTER DEFAULT AS TO DEFENDANT ALLIED FINANCIAL NETWORK**