IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN S. ALBERT and KIMBERLY LEBLANC ALBERT, TRUSTEES OF THE ALBERT REVOCABLE TRUST UAD 6/3/1997 AND RESTATED 1/7/2020,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ALLIED FINANCIAL NETWORK, ET AL.,<br><br>　　　　Defendants. | CIVIL NO. 23-00221 DKW-WRP<br><br>FINDINGS AND RECOMMENDATION REGARDING SERVICE OF DEFENDANTS ION INSURANCE GROUP, S.A. AND EDWARD WILLIAM, SL AND TO DISMISS EDWARD WILLIAM, SL |

FINDINGS AND RECOMMENDATION REGARDING SERVICE OF
DEFENDANTS ION INSURANCE GROUP, S.A. AND EDWARD
WILLIAM, SL AND TO DISMISS EDWARD WILLIAM, SL

Plaintiffs Kevin Albert and Kimberly Albert's, as Trustees of the Albert Revocable Trust UAD 6/3/1997 and Restated 1/7/2020, (collectively, "Plaintiffs") filed their original complaint on May 23, 2023 naming, among other Defendants, Defendants Edward William, SL (Edward William) and ION Insurance Group, S.A. (ION S.A.) (collectively referenced herein as "Defendants").  See Compl., ECF No. 1.  Under the Federal Rules of Civil Procedure (FRCP) Rule 4(m), Plaintiffs' deadline to serve Defendants was August

21, 2023.  See Fed. R. Civ. P. 4(m) (stating that a plaintiff has 90 days to serve a defendant).

Plaintiffs filed a First Amended Complaint (FAC) on July 24, 2023.  See FAC, ECF No. 13.

Because Defendants had not been served by November 2023, the Court directed Plaintiffs to file status reports regarding Plaintiffs' efforts to serve Defendants.  See Minute Orders, ECF Nos. 45, 50.  Plaintiffs' status reports on November 21, 2023 and February 5, 2024 detailed the difficulties Plaintiffs experienced in serving Defendants.

When Defendants still had not been served by February 6, 2024, the Court informed Plaintiffs that it intended to recommend that Defendants be dismissed without prejudice if Defendants were not served by May 1, 2024.  See Minute Order, ECF No. 60.  Plaintiffs were directed to file another status report regarding the status of serving Defendants by May 8, 2024.  See id.

Before the May 8th deadline, Plaintiffs filed a motion to serve Defendants by publication.  See Pls.' Mot. for Service by Publication, ECF No. 66.  For the reasons stated in its April 4, 2024 Minute order, the Court denied Plaintiffs' motion for service by publication.  See Minute Order, ECF No. 71.

On May 8, 2024, the day Plaintiffs' status report was due, Plaintiffs submitted their status report by email to the Court stating that, because Defendants

2

had not been served, Plaintiffs would dismiss Defendants from the case:

> Despite [Plaintiffs] best efforts, the Defendants have not been served.
>
> . . .
>
> Per the Court's intentions in the [February 6, 2024 Minute Order] that [Defendants Edward William and ION S.A.] be dismissed without prejudice if they are not served by May 1, 2024, [Plaintiffs have] prepared a Notice of Partial Dismissal Without Prejudice as to these Defendants. [Plaintiffs] intend[] to file that concurrently with this Status Report.

May 8, 2024 Status Report (emailed to the undersigned's chambers). Concurrently, Plaintiffs also submitted their Notice of Partial Dismissal Without Prejudice (Notice of Partial Dismissal, or Notice), which dismissed the FAC against Defendants.[1]  See ECF No. 86.  Based on this Notice, Defendants were terminated as parties on the docket.

Importantly, however, a mere two hours before Plaintiffs emailed the Court and submitted their Notice, Plaintiffs filed their Second Amended Complaint (SAC), which again named Defendants Edward William and ION S.A. as Defendants.  See SAC, ECF No. 84.  Thus, by the time the Notice of Partial Dismissal was submitted to the Court, the SAC had superseded the FAC and, therefore, the Notice dismissing the FAC as to Defendants was of no consequence. Simply put, the Notice did not terminate Defendants Edward William and ION

---

[1] The Notice was signed and approved by District Judge Susan Oki Mollway on May 9, 2024.  See ECF No. 90.

3

S.A. as parties to this case because they were renamed as Defendants in the SAC.

Turning to the service of Defendants, as set forth in the Court's February 6, 2024 Minute Order, Plaintiffs' deadline to serve Defendants was extended to May 1, 2024.  See Minute Order, ECF No. 60.  Without requesting an extension of the service deadline, Plaintiffs subsequently filed a proof of service showing that Defendant ION S.A. was served on July 18, 2024.  See Return of Service, ECF No. 109.  Such service was untimely insofar as Plaintiffs' deadline to serve Defendants was May 1, 2024.  See Minute Order, ECF No. 60.

Plaintiffs' filing of the SAC did not toll or restart the 90-day clock to serve Defendants.  See 4B Wright & Miller, Federal Practice and Procedure § 1137 (4th ed. 2016) ("Filing an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service."); see, e.g., Kinney v. Three Arch Bay Cmty. Servs. Dist., No. SACV1600796RGKJCX, 2017 WL 2992744, at *1 (C.D. Cal. May 22, 2017) ("Although Plaintiff filed an amended complaint on July 10, 2016, such filing does not restart or otherwise toll the 90-day service period."); Tanya A. v. City of San Diego, No. 14CV1942 L WVG, 2015 WL 1197550, at *4 (S.D. Cal. Mar. 16, 2015) (stating that "the filing of an amended complaint does not toll the service period").  Plaintiffs were not granted an extension of time to serve Defendants after May 1, 2024 and, therefore, Plaintiffs' deadline to serve Defendants expired that day.

Notwithstanding the foregoing, Defendant ION S.A. has not disputed service of the SAC, has answered the SAC, and is proceeding on the merits of the case.

Defendant Edward William, on the other hand, was never served. "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P. 4(m). Notice was provided to Plaintiffs on February 6, 2024 that the Court intended to recommend dismissal of Defendant Edward William if it was not served by May 1, 2024. Accordingly, and based on Rule 4(m)'s instruction, the Court finds and recommends that Defendant Edward William be dismissed from this case without prejudice.

## CONCLUSION

As detailed above, the Court FINDS and RECOMMENDS that Defendant Edward William, SL be **DISMISSED** from this action without prejudice for Plaintiffs' failure to serve Defendant Edward William, SL in accordance with FRCP Rule 4(m).

Additionally, insofar as Defendants Edward William, SL and ION Insurance Group, S.A. are still parties to this case, the Clerk of Court is DIRECTED to remove the notation on the docket stating that they were "terminated" as parties on May 9, 2024. If this Findings and Recommendation

5

(F&R) is adopted, Defendant Edward William, SL may be terminated as a party on the docket at that time.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, APRIL 25, 2025.



Wes Reber Porter
United States Magistrate Judge

**ALBERT, ET AL. V. ALLIED FINANCIAL NETWORK, ET AL.; Civil No. 23-00221 DKW-WRP; FINDINGS AND RECOMMENDATION REGARDING SERVICE OF DEFENDANTS ION INSURANCE GROUP, S.A. AND EDWARD WILLIAM, SL AND TO DISMISS EDWARD WILLIAM, SL**