IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KEVIN S. ALBERT AND KIMBERLY LEBLANC ALBERT, *Trustees of the Albert Revocable Trust UAD 6/3/1997 and Restated 1/7/2020*,<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD WILLIAM, SL, *et al.*,<br><br>Defendants. | Case No. 23-cv-00221-DKW-WRP<br><br>**ORDER (1) OVERRULING PLAINTIFFS' OBJECTION TO AND (2) ADOPTING THE FINDINGS & RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]** |

After entry of an Order granting summary judgment to Defendants ION Insurance Group, S.A. and ION Insurance Company, Inc. (collectively, "ION Defendants") and Defendants Allied Financial Network and Steve Bonner (collectively, "Allied Defendants"), Dkt. No. 311, the ION and Allied Defendants each moved for attorney's fees pursuant to Hawaiʻi Revised Statute ("HRS") § 607-14.  Dkt. Nos. 321 & 322.  On December 29, 2025, the assigned U.S. Magistrate Judge entered the instant Findings and Recommendations ("F&R") to grant in part the fees motions to the extent of awarding $172,544.43 to the ION Defendants and $179,343.20 to the Allied Defendants.  Dkt. Nos. 328 & 329.  Pending before the

---

[1] Pursuant to Local Rule 7.1(c) & (d), the Court elects to decide this matter without a hearing.

Court is Plaintiffs Kevin S. Albert and Kimberly Leblanc Albert's objection to the two F&Rs.  Dkt. Nos. 331 & 332.

Upon review of the objection, the record, including the F&Rs, and pertinent case law, the Court OVERRULES Plaintiffs' objection and awards the ION and Allied Defendants the fees recommended by the Magistrate Judge.

## RELEVANT BACKGROUND[2]

On May 23, 2023, Plaintiffs initiated this lawsuit.  Dkt. No. 1.  Plaintiffs followed with a First Amended Complaint on July 24, 2023, Dkt. No. 13, then a Second Amended Complaint on May 8, 2024, Dkt. No. 84.  As relevant here, Plaintiffs asserted a combination of the following claims against the different Defendants: (1) breach of contract; (2) misrepresentation; (3) negligence; (4) breach of fiduciary duty; (5) respondeat superior; (6) insurance bad faith; (7) unfair and deceptive acts and practices; and (8) exemplary damages.  Dkt. No. 84 at ¶¶ 84–135.

On August 4, 2025, the Court granted Defendants' motion for summary judgment.  Dkt. No. 311.  On September 22, 2025, the ION Defendants moved for attorney's fees, Dkt. No. 321, and the Allied Defendants did the same, Dkt. No. 322.  In the two substantially identical motions, Defendants argued, *inter alia*, that as the prevailing parties, they were each entitled to fees pursuant to HRS § 607-14, which

---

[2]The Court assumes the parties' familiarity with the procedural and factual background of this case, which is more fully set forth in the Order granting summary judgment, Dkt. No. 311, and, thus, only sets forth herein the background necessary for an understanding of the instant issues.

governs the award of fees for actions in the nature of assumpsit. *Id*. Plaintiffs opposed both motions. Dkt. Nos. 324 & 325.

On December 29, 2025, the assigned Magistrate Judge entered the F&Rs, granting in part the fees motions. Dkt. Nos. 328 & 329. The Magistrate Judge found that (1) several of the claims against Defendants were in the nature of assumpsit; (2) to the extent Plaintiffs raised non-assumpsit claims, apportionment was impractical because those claims were inextricably linked to the assumpsit claims; (3) Defendants were the prevailing parties; and (4) the reasonable attorney's fees amounted to $172,544.43 for the ION Defendants and $179,343.20 for the Allied Defendants. Dkt. Nos. 328 & 329.

On January 12, 2026, Plaintiffs filed two substantially identical objections to the F&Rs. Dkt. Nos. 331 & 332. Plaintiffs argued that the Magistrate Judge had erroneously denied apportionment and that the fees awards should be apportioned based on the number of Plaintiffs' claims that sound in assumpsit. *Id*. For example, Plaintiffs argue that only one of Plaintiffs' five claims against the ION Defendants sounds in assumpsit,[3] and therefore the fees award to the ION Defendants should be reduced to on-fifth of $172,544.43, or $34,509. Dkt. No. 331 at 4. Meanwhile, Plaintiffs argue that only two of Plaintiffs' seven claims against the Allied

---

[3]For purposes of this Order, the Court assumes, without deciding, that Plaintiffs' characterizations of which claims sound in assumpsit are accurate.

Defendants sound in assumpsit, and so the fees award to the Allied Defendants should be reduced to two-sevenths of $179,343.20, or $51,242.  Dkt. No. 332 at 3.  Defendants counter by agreeing with the Magistrate Judge's conclusion that apportionment was impractical given the inextricable linkage of the assumpsit and non-assumpsit claims.[4]  Dkt. Nos. 334 & 335.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court may refer a matter to a Magistrate Judge for findings and recommendations.  The court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(B).

## DISCUSSION

Plaintiffs raise only one objection to the F&Rs: that the Magistrate Judge erred in declining to apportion fees associated with assumpsit and non-assumpsit claims.  Dkt. Nos. 331 & 332.  Plaintiffs assert that the fees awarded should be reduced to reflect only the claims that sound in assumpsit.  *Id*.

The Court overrules Plaintiffs' objection for several reasons.  First, Plaintiffs cite no authority supporting their proposed apportionment methodology.  The

---

[4]Defendants also argued that because Plaintiffs, in opposing the motions for attorney's fees, did not dispute that their claims were in the nature of assumpsit, Plaintiffs waived any segregation claims now.  Dkt. No. 334 at 2–3.  Because, as noted below, the Court affirms the F&R on the merits, it is unnecessary to address this waiver argument.

Court's own research has found no precedent for such an award based on the number of assumpsit versus non-assumpsit claims—Plaintiffs appear to have created this method from thin air. Second, even if the Court accepted Plaintiffs' proposed method, they misapply it. Plaintiffs argue that because only one of the five claims against the ION Defendants and only two of the seven claims against the Allied Defendants sound in assumpsit, their respective fee awards should be reduced to one-fifth and two-sevenths. Dkt. Nos. 331 & 332. However, Plaintiffs include counts for respondeat superior and exemplary damages as "claims" for the purposes of their proposed ratio. *See* Dkt. No. 84 ¶¶ 120–26, 134–35. The Magistrate Judge correctly noted that these counts are not causes of action, and thus they should not be included in the total number of claims. *See Lopeti v. All. Bancorp*, 2011 WL 13233545, at *15 (D. Haw. Nov. 4, 2011) ("Respondeat superior is not an independent cause of action, but a theory of liability."); *Soderholm Sales & Leasing, Inc. v. BYD Motors Inc.*, 2022 WL 464905, at *5 (D. Haw. Jan. 31, 2022) ("A claim for [exemplary] damages . . . is not an independent cause of action."), *report and recommendation adopted*, 2022 WL 463337 (D. Haw. Feb. 15, 2022).

Third, and perhaps most importantly, Plaintiffs fail to identify any error in the Magistrate Judge's analysis. Plaintiffs argue that, even if Defendants' "invoices lack sufficient detail to apportion time entries between assumpsit and non-assumpsit claims," the Magistrate Judge should have merely excluded any "[v]ague or overly-

generalized . . . time entries" rather than hold that it was impractical to apportion. Dkt. No. 331 at 2. This misunderstands the reasoning underlying the F&Rs. The Magistrate Judge never implied that apportionment was impractical because he could not distinguish which claims were assumpsit-based or not, or because the fees records were unclear. Rather, the Magistrate Judge determined that even the ostensibly non-assumpsit claims were "inextricably linked to the breach of contract claim," thus making any apportionment impossible. Dkt. No. 328 at 10. Plaintiffs fail to challenge or even address this conclusion.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' objection to the F&R, Dkt. Nos. 331 & 332, is OVERRULED, and the F&Rs, Dkt. Nos. 328 & 329, are ADOPTED to the extent set forth herein. Fees in the amounts of $172,544.43 and $179,343.20 are awarded to the ION and Allied Defendants, respectively, as recommended by the Magistrate Judge.

IT IS SO ORDERED.

DATED: March 3, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

<u>Kevin S. Albert v. Edward William, SL, et al</u>; Civil No. 23-00221 DKW-WRP
**ORDER (1) OVERRULING PLAINTIFFS' OBJECTION TO AND (2) ADOPTING THE FINDINGS & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**